IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


DANIEL K. SCHMIDT,
      Petitioner,

vs.                                  Case No.: 5:10cv331/RH/EMT

FRANK McKEITHEN, et al.,
      Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). The filing fee has been paid. Upon review of the petition and the court's own records, the undersigned concludes that the petition should be dismissed as an unauthorized second or successive petition.

I.      BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial in the Circuit Court in and for Bay County, Florida, Case No. 94-788, Petitioner was convicted of robbery without a firearm (Doc. 1 at 1, 2). On February 22, 1995, he was sentenced as a habitual felony offender ("HFO") to twenty-five (25) years of imprisonment, with pre-sentence jail credit of 308 days (*id.* at 1). Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA") (*id.* at 2). On Jun 18 1996, the First DCA affirmed the conviction but vacated the sentence and remanded to the trial court with the following directions:

> On remand, the trial court may again sentence appellant as an habitual felony offender, provided that the record evidence is legally sufficient to support such a sentence. *See, e.g.*, King v. State, 590 So.2d 1032 (Fla. 1st DCA 1991). However, should it elect to do so, the trial court is directed to make sufficient findings of fact to permit appellate review of its decision.

Schmidt v. State, 676 So. 2d 27, 29 (Fla. 1st DCA 1996). Petitioner was re-sentenced, and he appealed that sentence to the First DCA (*see* Doc. 1 at 3). The First DCA affirmed the sentence per

curiam without written opinion (*see id.*).  Schmidt v. State, 691 So. 2d 1082 (Fla. 1st DCA 1997) (Table).

Petitioner acknowledges on the § 2254 petition form that he previously filed a § 2254 petition in this court challenging the validity of his conviction and sentence in Bay County Circuit Court, Case No. 94-788 (Doc. 1 at 4, 7; *see also* Doc. 2 at 2–5, 8).  The records of this court confirm that on April 16, 2004, Petitioner filed a habeas petition under § 2254 in this court, which challenged the same judgment of conviction and sentence that is the subject of the instant § 2254 petition, namely, the judgment imposed by the Bay County Circuit Court on February 22, 1995, convicting Petitioner of robbery and sentencing him as a HFO to twenty-five (25) years of imprisonment.  *See* Schmidt v. Crobsy, Case No. 5:04cv95/RS/AK, Doc. 1, Petition (N.D. Fla. Apr. 16, 2004).  Among the twelve claims raised by Petitioner in his previous § 2254 action were the following:

> Ground Eleven:  The trial court violated Petitioner's due process rights when it did not conduct the new sentencing hearing ordered by the First District Court of Appeal and that appellate court refused to enforce its own order.

> Ground Twelve:  Resentencing counsel was ineffective for failing to raise that Petitioner did not qualify to be classified as an habitual felony offender, resulting in the deprivation of due process by being denied the Guideline sentence he is entitled to and his immediate discharge from custody.

*Id.*, Doc. 1, Petition at 25–26 (N.D. Fla. Apr. 16, 2004).  The district court, adopting the magistrate judge's report and recommendation, denied the petition with prejudice.  *Id.*, Doc. 186, Order (N.D. Fla. July 20, 2007) (*see* attached).  Petitioner appealed the decision to the Eleventh Circuit Court of Appeals; however, the appellate court denied Petitioner's motion for certificate of appealability on the ground that Petitioner failed to make a substantial showing of the denial of a constitutional rights.  *Id.*, Doc. 231, 233, Orders (*see* attached).

In the instant petition, Petitioner again challenges his HFO sentence imposed on February 22, 1995, by the Bay County Circuit Court (Doc. 1 at 1).  He raises the following ground for relief:

> Ground One:  Petitioner's due process and equal protection rights were violated in violation of the 14th Amendment by being classified and sentenced as an habitual felony offender because he is actually innocent of such classification and when he was not provided an adjudication on the merits of his claim to obtain relief through both state and federal courts in the past.

(Doc. 1 at 5).

II.     ANALYSIS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See* <u>Felker v. Turpin</u>, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); <u>In re Medina</u>, 109 F.3d 1560 (11th Cir. 1997).  The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 action filed by Petitioner in 2004, Case No. 5:04cv95/RS/AK.  Furthermore, Petitioner's 2004 petition qualified as a first petition for the purpose of determining successor status because the court adjudicated Petitioner's claims on the merits.[1]  *See* <u>Dunn v. Singletary</u>, 168 F.3d 440, 442 (11th Cir. 1999) (denial of first § 2254 petition on the merits qualifies as first petition for purpose of determining successor status under § 2244(b)).  Therefore, the instant petition is second or successive.  Additionally, Petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition.  This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. *See* 28 U.S.C. § 2244(b)(3)(A); <u>Fugate v. Dep't of Corrections</u>, 310 F.3d 1287, 1288 (11th Cir. 2002).  For this reason, this case should be dismissed for lack of jurisdiction.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

---

[1] Some types of collateral challenges do not render subsequent habeas petitions "second or successive."  *See* <u>McGiver v. United States</u>, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); <u>Slack v. McDaniel</u>, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's <u>Ford v. Wainright</u> claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); <u>Reeves v. Little</u>, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); <u>Benton v. Washington</u>, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this habeas action be **DISMISSED** for lack of jurisdiction.

2. That all pending motions be **DENIED** as moot.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 11th day of January 2011.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**