# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

DANIEL K. SCHMIDT,

       Petitioner,

v.                                CASE NO.  5:10cv331-RH/EMT

FRANK McKEITHEN, et al.,

       Respondents.

_____/

## <u>ORDER DENYING PETITION</u>

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 6, and the objections, ECF No. 7.  The petitioner also has written a letter that was addressed to the district's chief judge—Chief Judge Mickle—but has been referred to me as the judge presiding over this case.  I have reviewed *de novo* the issues raised by the objections and the letter.  The report and recommendation is correct and is adopted as the court's opinion with this additional explanation.

The letter asks the Chief Judge Mickle to provide relief on the ground that he was a state appellate judge and, in that capacity, wrote an opinion vacating the

petitioner's original state-court sentence. The same sentence was imposed on remand, and the sentence was upheld on direct appeal and in state and federal collateral proceedings. The petitioner now is improperly attempting to pursue a successive federal collateral proceeding without obtaining the Eleventh Circuit's authorization to do so. As the report and recommendation correctly concludes, the successive proceeding must be dismissed.

If the letter is construed as a request for action by Chief Judge Mickle in his capacity as a former state appellate judge, the request must be filed in state court. Chief Judge Mickle no longer has the authority to act as a state-court judge. If the letter is construed as a request for action by Chief Judge Mickle in his capacity as a judge—or as the chief judge—of the United States District Court, the request is properly directed to me, as the judge assigned to this case, and the request is unfounded because it is a successive petition not authorized by the Eleventh Circuit. Either way, the petitioner is not entitled to relief based on the letter.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell,* 537 U.S. 322, 335-38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (explaining the meaning of this term); *Slack v. McDaniel,*

529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (same); *Barefoot*

*v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983); *see*

*also Williams v. Taylor*, 529 U.S. 362, 402-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389

(2000) (setting out the standards applicable to a § 2254 petition on the merits).  As

the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a
> demonstration that, under *Barefoot*, includes showing that reasonable
> jurists could debate whether (or, for that matter, agree that) the
> petition should have been resolved in a different manner or that the
> issues presented were "'adequate to deserve encouragement to
> proceed further.'"

*Slack*, 529 U.S. at 483-84, *quoting Barefoot*, 463 U.S. at 893 n.4.  Further, in order

to obtain a certificate of appealability when dismissal is based on procedural

grounds, a petitioner must show, "at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

The petitioner has not made the required showing.

For these reasons,

IT IS ORDERED:

1.  The clerk must docket the petitioner's letter to Chief Judge Mickle.

2.  The clerk must enter judgment stating, "The petition is DENIED with

prejudice."

     3.  All pending motions are DENIED.

     4.  A certificate of appealability is DENIED.

     5.  The clerk must close the file.

SO ORDERED on January 31, 2011.

                                    s/Robert L. Hinkle
                                    United States District Judge